FILED
CLERK

10:34 am, Jun 05, 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

BRONTE O'NEAL,

                         Petitioner,

            -against-

THE PEOPLE OF THE STATE OF NEW YORK,

                         Respondent.

-------------------------------------------------------------------X

**MEMORANDUM
AND ORDER**
CV 17-0260 (GRB)

**GARY R. BROWN, United States District Judge:**

        Petitioner Bronte O'Neal ("petitioner" or "O'Neal"), proceeding *pro se*, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his October 20, 2016 conviction and sentence in the Supreme Court of the State of New York, County of Suffolk (the "Suffolk County Court").[1]  O'Neal pled guilty to four counts of assault in the second degree, N.Y. Penal Law § 120.05, and one count of grand larceny in the fourth degree, N.Y. Penal Law § 155.30.  Petitioner was sentenced to concurrent sentences with a maximum fixed term of four years' imprisonment and three years' post-release supervision.  O'Neal thereafter filed a Notice of Appeal, and on January 27, 2017, the Legal Aid Society was assigned to represent petitioner on his appeal.  Respondent the People of New York ("respondent" or the "People") opposes the petition and moves to dismiss the petition.

        For the reasons set forth below, respondent's motion to dismiss is granted and the petition is dismissed.

---

[1] At the time the petition was filed, O'Neal was incarcerated at the Livingston Correctional Facility in Sonyea, New York.  DE 1.  He has since been released.  DE 50.

# BACKGROUND

### A. Facts[2]

On May 30, 2015, police officers in the Town of East Hampton Police Department arrested O'Neal in Bridgehampton, New York for assaulting an 83-year old woman and leaving the scene in the victim's car without her permission.  DE 19-3 at 29-43 (East Hampton Town Police Arrest Report).  Petitioner was charged with the crime of assault in the second degree in violation of N.Y. Penal Law § 120.05.  *See id.*  A grand jury thereafter indicted O'Neal on four counts of assault in the second degree in violation of N.Y. Penal Law § 120.05 and one count of grand larceny in the fourth degree in violation of N.Y. Penal Law § 155.30.  DE 19, Exh.1 (Suffolk County Indictment 1361-15).  Kathleen Gearraty, Esq. of the Legal Aid Society was assigned to represent O'Neal.  DE 19, Ex. 2.  Bail was set at $200,000 with a $100,000 cash alternative.[3]  Miller Aff., dated April 28, 2017, DE 18, ¶ 5.

On June 26, 2015, O'Neal's counsel requested a Bill of Particulars, made a Demand for Discovery, gave notice that O'Neal would contest his confession, and requested the Suffolk County Court review the Grand Jury minutes.  *Id.*  The Legal Aid Society was thereafter relieved of counsel on August 15, 2015, and on that same day, Marianne Rantala, Esq. filed a notice of appearance on behalf of O'Neal.  DE 19, Ex. 3.

---

[2] The facts are drawn from the record of O'Neal's proceedings in state court.  In light of petitioner's conviction by guilty plea, the facts are viewed in the light most favorable to respondent.  *See Bonds v. Keyser,* 16-CV-5908 (AMD) and 18-CV-2794 (AMD), 2020 WL 1550575 at *1 (E.D.N.Y. Mar. 31, 2020) (citing *Garbutt v. Conway,* 668 F.3d 79, 80 (2d Cir. 2012)).

[3] There is no indication in the record that O'Neal was released on bail.

Following a review of the transcript of the minutes of the Grand Jury proceedings, on November 2, 2015, the Suffolk County Court concluded that there was sufficient evidence to establish all of the elements of the charges in the indictment.  Miller Aff., dated April 28, 2017, DE 18, ¶ 7 and Ex. 5.  On January 21, 2016, Keith O'Halloran, Esq. replaced Marianne Rantala as counsel for O'Neal.  DE 19, Ex. 4.  O'Halloran made a motion to preclude the use of cell-phone "ping information," and the Respondent agreed not to use  "ping information" at O'Neal's trial.  Miller Aff., dated April 28, 2017, DE 19, ¶ 8.

On July 27, 2016 and July 28, 2016, a pre-trial *Huntley* hearing was held in the Suffolk County Court to determine the admissibility of oral and written statements O'Neal made to members of the East Hampton Police Department.  Miller Aff., dated April 28, 2017, DE 18, ¶ 9, Ex. 6.  The court held that the petitioner's statements were voluntary, made only after O'Neal had knowingly and voluntarily waived his right to counsel, and therefore would be admissible at trial.  *Id*.

O'Neal pleaded guilty to all of the charges in Indictment 1361-15 on August 16, 2016. Miller Aff., dated April 28, 2017, DE 19, ¶ 10.  Petitioner did so with the understanding that the court would sentence him to concurrent sentences with a maximum fixed term of four years, followed by three years supervised release.  *Id.*

On October 20, 2016, O'Neal was sentenced to concurrent sentences with a maximum fixed term of four years, followed by three years supervised release.  Miller Aff., dated April 28, 2017, DE 18, ¶¶ 10-11.  Petitioner filed a Notice of Appeal on October 20, 2016.  *Id.* at ¶ 11, Ex. 7 (Notice of Appeal).  On January 27, 2017, the Legal Aid Society was assigned to represent O'Neal on his appeal.  Miller Aff., dated April 28, 2017, DE 19, ¶ 12.  According to respondent, the appeal has not yet been perfected.  *Id.*

3

**B.  Procedural History**

On January 6, 2017, petitioner filed the instant petition before the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  DE 1.  O'Neal moved for leave to proceed *in forma pauperis*, DE 6, and on April 4, 2017, District Judge Joseph F. Bianco granted the motion, DE 17.  Although petitioner moved for Appointment of Counsel, the district court denied the motion. DE 9, 11.

O'Neal  filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 27, 2017, challenging the same conviction and sentence that is the subject of the instant petition.  *See O'Neal v. The People of the State of New York,* CV 17-1234 (JFB).  On April 4, 2017, Judge Bianco ordered the consolidation of the CV 17-1234 (JFB) action with the instant action, directed that the Clerk of the Court close the case, and ordered that the February 17, 2017 petition be docketed as an amended petition for writ of habeas corpus (hereinafter the "amended petition") in this action, CV 17-0260 (JFB).  *Id.* at DE 6.

Respondent submitted the People's response to the petition on April 28, 2017.  DE 18-19. On June 16, 2017, petitioner filed a letter with the Court, DE 27, which Judge Bianco construed as a motion to amend the petition, DE 32.  The Court noted that there was no memorandum of law or narrative explanation accompanying O'Neal's motion to amend, but nonetheless on October 4, 2017, granted petitioner leave to submit an amended petition for writ of habeas corpus in this case within thirty (30) days of the date of the Order.  *Id.*  On October 16, 2017, O'Neal filed an amended petition.  DE 34.

4

On May 16, 2019, the case was reassigned to Judge Joan M. Azrack by random selection. Petitioner filed a notice of change of address on December 19, 2019.  DE 50.  On January 31, 2020, the case was reassigned to the undersigned by random selection.

The Court has fully considered all the submissions and arguments of the parties.

**STANDARD OF REVIEW**

**A.  Deferential Standard of Review**

To determine whether a petitioner in state custody is entitled to a writ of habeas corpus, a federal court must apply the standard of review set forth in  28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides in relevant part:

(d)  an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ---

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"Clearly established Federal law means the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  *Green v. Travis,* 414 F.3d 288, 296 (2d Cir. 2005) (internal quotation marks and citation omitted).  A state-court decision is contrary to federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts."  *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000).  A decision is an unreasonable application of clearly established Supreme Court law when "the state court identifies the correct governing legal

5

principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

To be clear, AEDPA establishes a deferential standard of review. "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Gilchrist v. O'Keefe,* 260 F.3d 87, 92 (2d Cir. 2001) (internal quotation marks and citation omitted); *see Nevada v. Jackson,* 569 U.S. 505, 508-09 (2013) (per curiam) (holding a district court "may overturn a state court's application of federal law if it is so erroneous that there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents") (internal quotation marks and citations omitted). That said, while "[s]ome increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so off the mark as to suggest judicial incompetence." *Francis S. v. Stone,* 221 F3d 100, 111 (2d Cir. 2000)*.* (internal quotation marks and citation omitted).

Apart from a state court's adjudication of a claim that was an unreasonable or contrary application of federal law, a district court may grant a writ of habeas corpus when the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). The state court determination of the facts are presumed to be correct, however, and the petitioner bears the burden of "rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Finally, "if the federal claim was not adjudicated on the merits, AEDPA deference is not required and conclusions of law and mixed findings of fact . . . are reviewed *de novo.*" *Dolphy v. Montello,* 552 F.3d 236, 238 (2d Cir. 2009) (internal quotation marks and citation omitted).

6

**B. Exhaustion Requirement**

As a threshold matter, a district court shall not review a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The Second Circuit has adopted a "two-stage inquiry for determining whether the requisite exhaustion has occurred." *Klein v. Harris,* 667 F.2d 274, 282 (2d Cir. 1981). First, the petitioner must have fairly presented "his or her constitutional claim to the appropriate state court, *id.*, and "apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition," *Galdamaz v. Keane,* 394 F.3d 68, 73 (2d Cir. 2005); *see Morrison v. Brown,* No. 11-CV-3366 (KAM), 2019 WL 267190, at *4 (E.D.N.Y. Jan. 18, 2019) ("To satisfy this requirement, a prisoner must have fairly presented to an appropriate state court the same federal constitutional claim that he [or she] now urges upon the federal courts, either in the form of explicit constitutional arguments or by alleging facts that fall well within the mainstream of constitutional litigation") (internal quotation marks and citations omitted). That is to say, the state court claim must have (1) raised "factual and . . . legal premises" as the federally asserted claim, and (2) have been presented in a way that was "likely to alert that [state] court to the claim's federal nature." *Daye,* 696 F.2d at 191-92.

Second, after "having presented his [or her] federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure appellate review of the denial of that claim." *Klein,* 667 F.2d at 282. Although a petitioner need not petition the United States Supreme Court by writ of certiorari, 28 U.S.C. § 1257; *see Lawrence v. Florida,* 549 U.S. 327, 333 (2007), the state prisoner must fairly present his federal constitutional claims to the highest state court having jurisdiction over them,

7

*Daye v. Attorney Gen. of N.Y.,* 696 F.2d 186, 191 (2d Cir. 1982) (en banc).  "Specifically, [petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim."  *Id.*

To that end, "[t]he chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court."  *Id.* at 192 (footnote omitted).  Thus, the exhaustion doctrine arises out of principles of comity and the respect that state judgments must be accorded. *Id.* at 191; *see Rose v. Lundy,* 455 U.S. 509, 518 (1982) (the exhaustion doctrine is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings").  Accordingly, "[a] district court must dismiss any petition for habeas corpus, brought pursuant to 28 U.S.C. § 2254, that contains issues not exhausted in the state courts."  *McKethan v. Mantello,* 292 F.3d 119, 122 (2d Cir. 2002) (citations omitted).

Nevertheless, as discussed below, where a petitioner "can no longer obtain state-court review of his present claims on account of his [or her] procedural default, those claims are . . . deemed to be exhausted."  *DiGuglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir. 2004) (citations omitted).  Such exhaustion, however, "in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court."  *Woodford v. Ngo,* 548 U.S. 81, 93 (2006) (citation omitted).  Rather, "if the petitioner procedurally defaulted on those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding," *id.*, unless the petitioner "can show cause for the default and actual prejudice resulting therefrom or that he is actually innocent," *DiGuglielmo*, 366 F.3d at 135 (citations omitted).

### C.  Procedural Bar

A petitioner's federal claims may be procedurally barred from habeas review "when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'"  *Cone v. Bell,* 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson,* 501 U.S. 722, 731-32 (1991)); *see also Downs v. Lape,* 657 F.3d 97, 101-02 (2d Cir. 2011); *Morrison*, 2019 WL 267190, at *4 ("[p]ursuant to the adequate and independent state ground doctrine, federal habeas review is precluded if the last state court to render judgment clearly and expressly states that its judgment rests on a state procedural bar") (citations omitted).  To be independent of the federal question, the state court's decision "must have actually relied on the procedural bar as an independent basis for its disposition of the case" by "clearly and expressly stat[ing] that its judgment rests on a state procedural bar."  *Harris v. Reed,* 489 U.S. 255, 261-63 (1989) (internal quotation marks and citation omitted).  A state procedural rule is adequate to support the judgment if it "is firmly established and regularly followed by the state in question."  *Garcia v. Lewis,* 188 F.3d 71, 77 (2d Cir. 1999) (internal quotation marks and citation omitted); *see Whitley v. Ercole,* 642 F.3d 278, 286 (2d Cir. 2011).

This preclusion applies, "[e]ven where the state court has ruled on the merits of a federal claim in the alternative," so long as there is an adequate and independent state ground that would bar the claim in state court.  *Murden v. Artuz,* 497 F.3d 178, 191 (2d Cir. 2007) (internal quotation marks and citations omitted); *accord Harris*, 489 U.S. at 264 n.10 ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding.  By its very definition, the adequate and independent state ground doctrine requires the federal court to honor

a state court's holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law) (emphasis in the original)).

The procedural bar "is not, however, unqualified." *Id.* The Supreme Court has explained that "[i]n an effort to balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case," it recognizes "a miscarriage-of-justice exception." *Id.* (internal quotation marks and citation omitted). Thus, a procedural default based on independent and adequate state grounds prevents federal habeas corpus review of a procedurally barred claim unless the petitioner can overcome the procedural default by showing either "cause for the default and actual prejudice," or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750. A miscarriage of justice is shown in an extraordinary case, such as where a constitutional violation results in the conviction of a person who is actually innocent. *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986).

### D. *Pro Se* Petitioner Consideration

Here, O'Neal is proceeding *pro se.* As such, his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted); *see Boykin v. KeyCorp,* 521 F.3d 202, 214 (2d Cir. 2008), and are liberally construed "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted). "Nonetheless, a *pro se* [litigant] is not exempt from compliance with relevant rules of procedural and substantive law." *Gutierrez v. Capra,* No. 14-CV-6887 (KAM), 2019 WL 1508454, at *7 (E.D.N.Y. Apr. 5, 2019) (internal quotation marks and citations omitted). Petitioner's submissions are evaluated accordingly.

10

**DISCUSSION**

O'Neal petitions this Court for a writ of habeas corpus.  DE 1-2, and 34.  Construing

O'Neal's petition liberally, O'Neal seeks (1) seeks $500 million in damages for claims of false

arrest, defamation, ineffective assistance of counsel and corruption; and (2) review of his bail

status.  *Id.*  In addition, petitioner states he is entitled to habeas relief because he received

ineffective assistance of counsel during the criminal proceedings.  *Id.*  In his amended petition,

O'Neal concedes that he has not exhausted his state court remedies.  *See O'Neal v. The People of*

*the State of New York,* CV 17-1234 (JFB), DE 1.  Specifically, petitioner states that he has

directly appealed his claims to the Supreme Court, Second Department, but that he has not

received a decision from the state court.  *Id.*  Finally, O'Neal sets forth a claim that he suffered

physical injuries while incarcerated as a result of  his attorney's actions.  DE 1-2, and 34; *See*

*O'Neal v. The People of the State of New York,* CV 17-1234 (JFB), DE 1.

Respondent represents that petitioner's appeal of his conviction and sentence has not

been perfected.  Specifically, respondent states that while O'Neal filed a notice of appeal and the

Legal Aid Society has been appointed to represent him, his appeal has not yet been filed.

**(1) Claim for Damages**

O'Neal's request for monetary relief for alleged torts and violations of his constitutional

rights is not cognizable in a petition for a writ of habeas corpus.  As the Supreme Court has made

clear, "[i]f a state prisoner is seeking damages, he is attacking something other than the fact or

length of his confinement, and he is seeking something other than immediate or more speedy

release—the traditional purpose of habeas corpus.  In the case of a claim for damages, habeas

corpus is not an appropriate or available federal remedy."  *Preiser v. Rodriguez,* 411 U.S. 475,

493 (1973).  Rather, a damages action by a state prisoner may be brought under the Civil Rights

Act in federal court without any requirement of prior exhaustion of state remedies.  *Id.*

Notably, petitioner filed a civil rights action pursuant to 42 U.S.C. § 1983 on January 29,

2016 against defendants Thomas Spota, Suffolk County Municipality, East Hampton Town, East

Hampton Town Police, Marianne S. Rantala and Irene Foster seeking damages for the alleged

violations of his constitutional and civil rights by defendants based on the same allegations set

forth in O'Neal's petition.  *See* CV 16-0579 (JFB) (GRB).  By Memorandum and Order dated

January 12, 2017, the district court dismissed plaintiff's claims against defendants Thomas Spota

and Suffolk County Municipality.  *See id.*, DE 60.  Thereafter, in a Report and Recommendation

dated August 27, 2017, the undersigned recommended that (i) defendants East Hampton Town

and East Hampton Town Police's motion to dismiss the complaint pursuant to Rule 12 of the

Federal Rules of Civil Procedure be granted, (ii) the remaining claims against defendant

Marianne S. Rantala (petitioner's state court attorney) and Irene Foster (the victim of the assault

underlying his conviction) be dismissed, and (iii) leave to replead be denied.  *O'Neal v. East

Hampton Town,* No. 16-0579 (JFB) (GRB), 2017 WL 4174788 (E.D.N.Y. Aug. 28, 2017).  The

district court adopted the findings and recommendations in the Report and Recommendation in

their entirety.  *O'Neal v. East Hampton Town,* No. 16-0579 (JFB) (GRB), 2017 WL 4162307

(E.D.N.Y. Sept. 19, 2017).  O'Neal appealed the district court's dismissal of his 42 U.S.C. §

1983 claims to the Second Circuit, and by Summary Order dated December 6, 2018, the Court

affirmed the judgment of the district court.  *O'Neal v. Spota,* 744 F. App'x 35 (2d Cir. Dec. 6,

2018).

Accordingly, given that (i) a claim for monetary relief is not an available remedy in a

petition for habeas corpus and (ii) O'Neal has filed a civil rights action pursuant to 42 U.S.C. §

1983 regarding these claims which has been fully decided, respondent's motion to dismiss this claim is granted with prejudice.

(2) **Review of Petitioner's Bail Status**

In his petition and amended petition, O'Neal seeks this Court's review of his bail status and asks the undersigned to grant him bail pending the appeal of his conviction and sentence in state court.  *See* DE 1-2, and 34; *see also O'Neal v. The People of the State of New York,* CV 17-1234 (JFB), DE 1.  Petitioner maintains that he is "innocent" and that the sentence imposed was excessive.  *Id.*  In addition, O'Neal states that he has his own business in the Hamptons which is suffering because "his clients may have all found replacements in the time" that he has been incarcerated, and he needs to be granted bail because he has not earned any income since he has been in jail.  *Id.*  Finally, O'Neal states that he has suffered physical injuries while incarcerated and that some inmates tried to "kill him." *Id.*

First, to the extent petitioner seeks to challenge his conviction and the length of his sentence, O'Neal concedes that this claim is unexhausted because although he claims he appealed his sentence to the Appellate Division, he has not received a decision.  *Id.*  It is well-established that "[t]o properly exhaust a claim that relies on errors or omissions that are apparent from the record of trial or pretrial proceedings, petitioner must raise it on direct appeal to the Appellate Division and then seek leave to appeal to the Court of Appeals."  *Moore v. Attorney Gen. of NY,* No. 17-CV-0474 (JFB), 2019 WL 3717580, at * 7 (E.D.N.Y. Aug. 7, 2019) (internal quotation marks and citation omitted).  Because this claim has not been adequately exhausted, O'Neil has deprived the state court "a fair opportunity to act on his claim." *Anthoulis v. New York,* No. 11-CV-1908 (BMC), 2012 WL 194978, at *3 (E.D.N.Y. Jan. 23, 2012).

Furthermore, it is well established "that there is no absolute federal constitutional right to bail pending appeal after a conviction in the state courts." *Finetti v. Harris,* 609 F.2d 594, 597 (2d Cir. 1979).  New York law permits only one application for bail pending appeal.  *See* N.Y. Crim. Proc. Law § 460.50.  Relief is discretionary, and there is no statutory provision that permits direct appeal from the denial of a post-conviction bail application.  *Id.*; *see also Finetti,* 609 F.2d at 595.  The Second Circuit, has held that "even though there is no right to a direct appeal from an order denying bail pending appeal, exhaustion requires a state prisoner to have commenced a state habeas corpus proceeding for the purpose of raising the same constitutional challenges to the denial of bail as he [or she] seeks to present in his [or her] federal habeas corpus proceeding."  *Finetti,* 609 F.2d at 597; *see Garson v. Perlman,* 541 F. Supp. 2d 515, 519-20 (2008) ("if there is a constitutionally protectible interest in the denial of bail pending appeal, state habeas corpus relief is available to assert it").

Here, O'Neal concedes that he did not commence a state habeas corpus proceeding regarding bail.  *See* DE 1-2, and 34; *see also O'Neal v. The People of the State of New York,* CV 17-1234 (JFB), DE 1.  Moreover, petitioner reports that he has not exhausted his claim for injuries while incarcerated because he filed a civil case which is still "pending" in state court.  *See id*.

Finally, petitioner's application for bail pending appeal is moot because a review of the Docket Report reveals that O'Neal is no longer incarcerated, but instead resides in Mastic Beach, New York.  DE 50.

Accordingly, respondent's motion to dismiss this claim is granted with prejudice.

**(3) Ineffective Assistance of Counsel**

Petitioner claims that he was denied the right to effective counsel under the Sixth Amendment based on conduct outside the state court record by his attorneys Marianne Rantala and Keith O'Halloran. *See* DE 1-2, and 34; *see also O'Neal v. The People of the State of New York,* CV 17-1234 (JFB), DE 1. O'Neal argues principally that his attorneys' representations had been constitutionally defective during the criminal proceedings. *Id.* Additionally, O'Neal claims that he suffered physical injuries by fellow inmates while incarcerated due to his attorney Marianne Rantala's actions. *Id.* Petitioner's claims are premature as he has failed to exhaust his available state court remedies.

For purposes of AEDPA, the factual basis for an ineffective assistance of counsel claim must, like other issues, be presented to all relevant state courts and exhausted. *See Cornell v. Kirkpatrick,* 665 F.3d 369, 375 (2d Cir. 2011) (holding that before considering a petitioner's habeas corpus application, the Court must "determine if he exhausted all of his state remedies in pursuing his ineffective of assistance of counsel claims"); *see also Daye v. Attorney General,* 696 F.2d 186, 191-92 (2d Cir. 1982). In addition, the "nature or presentation of the claim [must be] likely to alert the court[s] to the claim's federal nature." *Daye,* 696 F.2d at 192; *see Cornell,* 655 F.3d at 375.

Here, however, the basis for petitioner's ineffectiveness of counsel claims relies on alleged conversations between himself and his attorneys -- evidence which is outside the state court record and could not have been raised on direct appeal. *See Griffin v. Suffolk County,* No. 13-CV-4375 (JFB), 2013 WL 6579839, at *3 n. 3 (E.D.N.Y. Dec. 16, 2013) (citing *People v. Harris,* N.Y.S.2d 678, 687 (4th Dep't 1985) (noting that the New York Court of Appeals "has time and again advised that ineffective assistance of counsel is generally not demonstrable on the

main record."); *see also Johnson v. Kirkpatrick,* No. 11-CV-1089 (CM), 2011 WL 3328643, at

*12 (S.D.N.Y. Aug. 3, 2011) (stating that "[c]laims based on evidence outside the trial record,

including most ineffective assistance of counsel claims, cannot be raised on direct state appeal

but rather must be made through a CPL § 440 motion").  Indeed, an ineffective assistance of

counsel claim is not generally amenable to resolution on the basis of the main record because

such a claim tends to rely on "matters outside the record concerning defense counsel's choice of

trial strategy."  *People of Flores,* 900 N.Y.S.2d 647, 647 (1st Dep't 2010).

> To properly exhaust an ineffective assistance of counsel claim that relies on matters

outside the record, "the petitioner must raise it as part of a motion to vacate judgment under N.Y.

Crim. Proc. Law § 440.10 and then seek leave to appeal to the Appellate Division."  *Anthoulis v.*

*New York,* No. 11-CV-1908 (BMC), 2012 WL 194978, at *3 (E.D.N.Y. Jan. 23, 2012) (citing

*Sweet v. Bennett,* 353 F.3d 135, 140 (2d Cir. 2003)).  Because there is no time limit to filing a

motion under N.Y. Crim. Proc. Law § 440.10, O'Neal may still seek review of his ineffective

assistance of counsel claims in state court.  *See* N.Y. Crim. Proc. Law § 440.10(1) (providing

that a defendant may bring a motion to vacate an entry of judgment "[a]t any time after the entry

of a judgment"); *see Carpenter v. Unger,* No. 10-CV-1240, 2014 WL 4105398, at *25

(N.D.N.Y. Aug. 20, 2014) (finding petitioner's claim of ineffective assistance of counsel during

plea bargaining process unexhausted, but not procedurally barred because claim relied on

evidence outside the record and could be raised on collateral review); *see also Griffin,* 2013 WL

6579839, at *3 (finding non-record based claims, including ineffective assistance of counsel,

unexhausted but not procedurally barred because Section 440.10 does not have a statute of limitations and a state remedy was still available pursuant to N.Y. Crim. Proc. Law § 440.10).[4]

Petitioner's claims of ineffective assistance of counsel are unexhausted and therefore not properly before this Court on federal habeas review.  Accordingly, the Court grants respondent's motion to dismiss this claim without prejudice for failure to exhaust.[5]

## CONCLUSION

For the foregoing reasons, the Court dismisses the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 without prejudice to petitioner's right to file a future petition after he fully exhausts his state court remedies with respect to his claims of ineffective assistance of counsel.  As to petitioner's claims for damages and review of his bail status, such claims are dismissed with prejudice.  The Clerk of the Court shall enter judgment accordingly and close this case.  The Clerk of the Court is directed to serve a copy of this Memorandum and Order upon *pro se* petitioner.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

---

[4] While the claim of ineffective assistance is unexhausted, the review of this matter, as summarized above, reveals that petitioner received a vigorous defense which appears well above the standard for ineffective assistance.

[5] Because petitioner's claims have not been exhausted, the Court, in its discretion, determines that dismissal of the petition is warranted, rather than a stay.  *Cf. Thompson v. Burge,* No. 05-CV-2914 (JFB), 2007 WL 2020185, at *6 (E.D.N.Y. July 6, 2007) ("When a petitioner submits a mixed petition to the court, the court may dismiss petitioner's unexhausted claims, stay consideration of the exhausted claims, and allow petitioner to amend the petition after he returns to state court to satisfy the exhaustion requirement") (citing *Zarvela v. Artuz,* 254 F.3d 374, 379-82 (2d Cir. 2001)).

Dated:  Central Islip, New York
        June 5, 2020

                                            /s/ Gary R. Brown_____
                                            Gary R. Brown
                                            United States District Judge